## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 15-cv-01134

| | |
|---|---|
| WENDY SHATTIL and ROBERT ROZINSKI, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ELECTION DATA DIRECT, INC., RANDALL R. RATTRAY, and DOES 1-4. | ) ) ) |
| Defendants. | ) |

### COMPLAINT AND JURY DEMAND

### JURISDICTION AND VENUE

1.

This action arises under the Federal Copyright Act of 1976, as amended, at 17 U.S.C. § 101, *et seq.* for direct and/or indirect copyright infringement. Plaintiffs seek damages against Defendants, jointly and severally, pursuant to the same. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338 for claims arising under the laws of the United States, and acts of Congress relating to copyrights.

2.

This Court has personal jurisdiction over Defendants Election Data Direct, Inc., Randall R. Rattray, and Does 1-4 (collectively, "Defendants") because Defendants have

purposefully directed its activities at residents of the forum state, Plaintiffs injuries arise out of Defendants forum-related activities, and the exercise of personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

3.

Venue is proper under 28 U.S.C. §§ 1391(b) and (c), and 1400(a) because the Defendants may be found in a Forum District where personal jurisdiction is proper.

## THE PARTIES TO THIS COMPLAINT

4.

Plaintiff Wendy Shattil and Plaintiff Robert Rozinski (sometimes together as "Plaintiffs") are individuals who reside, and at all relevant times did reside, in Denver, Colorado.

5.

Plaintiffs are full-time professional photographers specializing in nature and wildlife photography, who provide their professional services through Shattil/Rozinski Photography, LLC, organized under the laws of the State of Colorado, with its principal place of business in Colorado.

6.

Plaintiffs jointly own valuable intellectual property for numerous photographic images, including the copyrighted photograph at issue in this lawsuit. Plaintiffs license (or otherwise display for licensing) their photographs through their website http://dancingpelican.com and/or other outlets.

7.

On information and belief, Defendant Election Data Direct, Inc. ("Defendant EDD"), is a California corporation with its principle place of business in Valley Center, California, and was registered as a corporation in California on February 16, 1990, as entity number C1566181.

8.

On information and belief, Defendant Randall R. Rattray ("Defendant Rattray") is a principal of Defendant EDD, and resides in California.

9.

Plaintiffs do not know the true names of Defendant Does 1 through 4, inclusive, and therefore sue them by those fictitious names.  Plaintiffs are informed and believe and, on the basis of that information and belief, allege that each of those Does 1 through 4 was in some manner liable for Plaintiffs' claims and proximately caused Plaintiffs' damages complained of here.

10.

On information and belief, Defendants own and operate a website, and are ultimately responsible for content thereon, found on internet domain www.eddvote.com ("Website").

## FACTS

11.

Plaintiffs' living is based on their ability to receive revenue as a result of their creative endeavors.  Plaintiffs are award-winning, and are recognized in competitions, professional groups, and media organizations the world over.

12.

Plaintiffs jointly own copyright in the photograph of a bald eagle, shown in <u>Exhibit 1</u> (the "Photograph"). The Photograph was first published in 2004.

13.

The Photograph is an original work of authorship, fixed in a tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of the machine or a device, and is original, distinctive, and unique in perspective, orientation, positioning, and lighting. As such, the Photograph is subject matter protectable under the Copyright Act.

14.

Plaintiffs have at all times been the owners of all right, title, and interest in and to the copyright to the Photograph. Plaintiffs at all relevant times have been the copyright owner and licensor of exclusive rights under United States copyright law with respect to certain copyrighted material, including but not limited to, the Photograph.

15.

Among the exclusive rights granted to Plaintiffs under the Copyright Act are the exclusive rights to reproduce the Photograph in copies, and to display the Photograph publicly, such as on a publicly accessible and otherwise viewable website.

16.

Plaintiffs have complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*, as amended, and all other laws and regulations governing copyrights, and have secured the exclusive rights and privileges in and to the copyright for the Photograph. The Register of

Copyrights for the U.S. Copyright Office issued Plaintiffs a Certificate of Registration for the copyright to the Photograph, number VA 1-301-433 ("Registration"), effective May 25, 2004, as shown in Exhibit 3.

17.

On or about December 2013, Plaintiffs discovered that Defendants had reproduced copies of and were displaying publicly the Photograph on the Website (as well as products and/or other literature).  Screenshot example evidence of the use on a respective Uniform Resource Locator(s) ("URL") applicable to said Website is provided in Exhibit 2.

18.

On information and belief, Defendants provide products and other services nationwide related to voting, such as to unions and other comparable organizations.  Defendants operate its business through the Website, as well as through its "sister company", California Elections Company (which, according to public records of the State of California, is merely a *dba* of Defendant EDD).

19.

On information and belief, Defendants, without authorization or permission, used the Photograph, or an image strikingly or substantially similar thereto, in a commercial nature on and in association with the Website.  Defendants' initial use of the Photograph was at some point after the effective date of the Registration.

20.

The Photograph is the subject matter of this Complaint against Defendants, its employees and agents, subsidiaries, parent companies, affiliates and/or holding companies.

21.

On information and belief, one or more Defendants has the right and ability to control the content displayed or otherwise found on URLs applicable to the Website (and servers or other tangible mediums related to the same).

22.

The watermark or logo of "ELECTION DATA DIRECT" ("Mark") was placed onto or proximate the Photograph used on the Website.

23.

The discernible Mark is used in commerce by Defendants.  Thus, "ELECTION DATA DIRECT" is used by Defendants to indicate a source of origin, namely Defendant EDD.

24.

At no point have Defendants received permission or authorization from Plaintiffs or the law to reproduce copies, display publicly, or otherwise use the Photograph.

25.

Defendants have/had access to the Photograph by way of Plaintiffs' website, www.dancingpelican.com, including image URL:

http://dancingpelican.com/img/popups/BaldEagle025.jpg

26.

The photograph as used by Defendants is strikingly or substantially similar to, or a near perfect (if not exact) copy of, Plaintiffs' Photograph, and all of its protected original constituent elements.

27.

On or about October 9, 2014, Plaintiffs, through counsel, sent a cease-and-desist letter ("1st Notice") to Defendants giving notice that Defendants reproduction, display, etc. of the Photograph on the Website was unauthorized.

28.

The 1st Notice specifically stated,

"it is hereby requested that EDD … **Cease and desist from all unlicensed use of the … image(s)**, including removal of the image(s) from the website(s), deletion of all digital copies of the images from company computers and digital storage devices, and destruction of any hard copies of those image(s) maintained in company files or elsewhere."

29.

On or about November 18, 2014, Defendants were sent a second notice ("2nd Notice") reiterating Defendants reproduction, display, etc. of the Photograph on the Website remains unauthorized.

30.

The 2nd Notice specifically warned, *inter alia*,

"Failure to respond and acknowledge a legal obligation may contribute to a finding of willfulness.  In the present instance, EDD has failed to respond and acknowledge any provisions made in the [1st Notice]."

31.

The 2nd Notice also stated in part,

"it is hereby requested that EDD…(1) Immediately **cease and desist from all unlicensed use of the image(s)** at issue…"

32.

On or about December 30, 2014, Defendants were sent a third notice ("3rd Notice") reiterating Defendants reproduction, display, etc. of the Photograph on the Website remains unauthorized and unresolved.

33.

The 3rd Notice stated in part,

"it is hereby requested that EDD… (1) Immediately **cease and desist from all unlicensed use of the image(s)** at issue..."

34.

On or about February 19, 2015, Defendants were sent a fourth and final notice ("4th Notice") reiterating Defendants reproduction, display, etc. of the Photograph on the Website remains unauthorized and unresolved, and that failure to take steps to resolve the matter would result in civil suit.

35.

The 4th Notice also stated in part,

"it is hereby requested that EDD… (1) Immediately **cease and desist from all unlicensed use of the image(s)** at issue..."

36.

Despite Plaintiffs' repeated notice and request to Defendants to cease use of the Photograph, as well as Defendants written acknowledgement of the same, as of the approximate date of the filing of this lawsuit, Defendants continue to reproduce and display original constituent elements of the Photograph, including by way of example at URLs* and as pointed out by indicator arrows (timstamped screenshot of 05/30/2015):

http://www.eddvote.com/; and

http://www.eddvote.com/art/edd-new-masthead.gif;

*including use on actual product and as a 'favicon' (an icon associated with a URL that is variously displayed, as in a browser's address bar or next to the site name in a bookmark list.)



37.

Plaintiffs were unsuccessful in all pre-litigation settlement attempts to resolve this matter, let alone attempts to compel Defendants to cease its use.

38.

At the time of the 1st Notice, Defendants were provided constructive knowledge as to the reasonable likelihood that Plaintiffs are, and at all times have been, residents of the forum state of Colorado.

39.

A legible copy of the Registration was provided to Defendants with the 1st Notice.

40.

The Registration contains the following information with regard to the Plaintiffs:



41.

The Plaintiff's website information (www.dancingpelican.com) related to their business was provided with the 1st Notice.

42.

The Plaintiff's homepage provides the following information:



43.

In the 4th Notice Plaintiffs provided Defendants with affirmation as to its belief that, without resolution, litigation would be necessary.

44.

By way of the Notices, as of at least February 19, 2015, Defendants had actual knowledge as to Plaintiffs residence in the forum state of Colorado.

45.

Between at least the dates of February 19, 2015 to May 30, 2015, Defendants knowingly and continuously used the Photograph on its Website.

46.

The knowing use of the Photograph was without Plaintiffs permission, and despite Plaintiffs request on multiple occasions to cease use of the Photograph.

47.

Since at least as early as February 19, 2015, Defendants have had actual or constructive knowledge that its continued tortious act would plausibly result in litigation in a limited number of forums, namely, either federal district court in the forum state of the copyright holder (Colorado) or the state where Defendants conduct business (California).

48.

Defendants harmful impact on the State of Colorado and its residents between at least the dates of February 19, 2015, and May 30, 2015, was foreseeable to the Defendants. Defendants Website is accessible world-wide, including by residents of Colorado. Defendants materially represent on the Website it is a distributor of products into the Forum. Defendants derive revenue and other value by way of Website interaction with its viewers – even a "passive" website still gleans valuable data and information. Defendants repeatedly failed to respect Plaintiffs' rights provided by the US Copyright Act. All of these activities, including its continued tortious and/or intentional tortious acts, are expressly aimed at the forum state and forum residents.

49.

The need for the State of Colorado to protect its resident citizens from the tortious and/or intentional acts of Defendants between at least the dates of February 19, 2015 to May 30, 2015, was foreseeable to the Defendants.

50.

Defendants are believed to have intentionally and willfully used, displayed, reproduced, and/or otherwise exploited the original constituent elements of the Photograph without obtaining permission from Plaintiffs.

51.

On information and belief, Defendants are sophisticated and have knowledge of copyright laws.

52.

Plaintiff now seeks to recover for damages and costs under the causes of action set forth below.

FIRST CAUSE OF ACTION

(Copyright Infringement by Defendants– 17 U.S.C. §§ 101 *et seq.*)

53.

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 52 above.

54.

On information and belief, beginning in or about 2013, Defendants reproduced copies of and/or displayed publicly the Photograph on the Website without authorization of Plaintiffs or the law (the "Infringement").

55.

Defendants caused to occur: copies, reproduction in copies, and public display of original constituent elements of the Photograph without the Plaintiffs' permission.

56.

Defendants directly infringed on Plaintiffs copyright and exclusive rights, in and relating to the Photograph under copyright law by using, displaying, and/or reproducing the Photograph, without Plaintiffs authorization, consent, or permission, all in violation of, including without limitation, 17 U.S.C. §§ 106, 115, and 501.

57.

Defendants have not compensated Plaintiffs for the Infringement.

58.

As Defendants reproduced and/or displayed Plaintiffs' Photograph remains ongoing, Plaintiffs' claims are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

59.

As a direct and proximate result of its wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiffs for the Photograph. Accordingly, Plaintiffs seek an award of actual damages and profits plus attorneys' fees and costs pursuant to 17 U.S.C. §§ 504(b) and 505.

60.

In the alternative, Plaintiffs are entitled to and seek statutory damages for the Infringement of the Photograph, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

61.

The foregoing acts of infringement by Defendants are believed willful, intentional, and purposeful. The Infringement by Defendants is willful and performed with knowledge that the reproduction of copies, public display, etc. of the Photograph was unauthorized, including the Defendants initial act, as well as continued use of the Photograph after Plaintiffs gave notice of the infringement to Defendants; Conduct is willful if Defendants knew their conduct constituted an infringement of copyright or if Defendants acted in reckless disregard of copyrights. *See BC Technical, Inc. v. Ensil Int'l Corp.*, 464 Fed. App'x 689, 696 (10th Cir. 2012) ("[T]he prima facie case for willful infringement requires a showing of specific intent to violate copyright law."). Defendants continued using the Photograph after receiving multiple notices from Plaintiffs. The infringement by Defendants is believed willful and performed with knowledge that the reproduction, display, and distribution of the Photograph was unauthorized; Plaintiffs are therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. 504 (c)(2).

## SECOND CAUSE OF ACTION

(Vicarious Copyright Infringement of Defendant Rattray)

62.

Plaintiffs re-allege and incorporate by reference paragraphs 1 through 61 above.

63.

As a principal of Defendant EDD, Defendant Rattray has the right and ability to supervise or control the activity related to the Infringement, including the ability to control or stop the Infringement.

64.

As a principal of Defendant EDD, Defendant Rattray received a direct financial benefit from the Infringement. A financial benefit occurred at least because the Photograph is a visual "draw" for customers, third parties, and/or website users in regard to Defendants business activities or web content related to the same. The Website boasts "All our products are Made in America by American workers" – the relationship between "America" and a 'bald eagle' is self-evident.

65.

As such, Defendant Rattray is vicariously liable for the Infringement.

66.

As a direct and proximate result of Defendant Rattray's vicarious infringement, Plaintiffs have suffered and continue to suffer injuries and damages and are entitled to its actual damages and Defendants' gross revenue or profits, direct or indirect, derived by Defendants that are attributable to Defendants' direct infringement of the Photograph, pursuant to 17 U.S.C. § 504(b).

67.

Alternatively, Plaintiff may elect to be awarded, and, therefore is entitled to the maximum amount of statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. §504(c), with respect to one or more Works infringed and each act of infringement thereof.

68.

Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

FOURTH CAUSE OF ACTION

(Vicarious Copyright Infringement of EDD)

69.

Plaintiffs re-allege and incorporate by reference paragraphs 1 through 68 above.

70.

As an owner and/or operator of the Website, Defendant EDD has the right and ability to supervise or control the activity related to the Infringement, including the ability to control or stop the Infringement.

71.

As an owner and/or operator of the Website, Defendant EDD received a direct financial benefit from the Infringement.  A financial benefit occurred at least because the Photograph is a visual "draw" for customers, third parties, and/or website users in regard to Defendants business activities or web content related to the same.  The Website boasts "All our products are Made in America by American workers" – the relationship between "America" and a 'bald eagle' is self-evident.

72.

As such, Defendant EDD is vicariously liable for the Infringement.

73.

As a direct and proximate result of Defendant EDD's vicarious infringement, Plaintiffs have suffered and continue to suffer injuries and damages and are entitled to its actual damages and Defendants' gross revenue or profits, direct or indirect, derived by Defendants that are attributable to Defendants' direct infringement of the Photograph, pursuant to 17 U.S.C. § 504(b).

74.

Alternatively, Plaintiffs may elect to be awarded, and, therefore is entitled to the maximum amount of statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. §504(c), with respect to one or more Works infringed and each act of infringement thereof.

75.

Plaintiffs are further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Wendy Shattil and Robert Rozinski pray that this Honorable Court:

1. Order that Defendants' unauthorized conduct violates Plaintiffs' rights under the Federal Copyright Act at 17 U.S.C. §101, et seq.;

2. Order Defendants to account to Plaintiffs for all gains, profits, and advantages derived from the unauthorized use of the Plaintiffs' Photograph;

3. Award Plaintiffs all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for the infringements of Plaintiffs' copyright in the Plaintiffs' Photograph; alternatively, maximum statutory damages in the amount of $30,000 for each infringement pursuant to 17 U.S.C. § 504(c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

4. Alternatively, award Plaintiffs maximum statutory damages in the amount of $150,000 for each unauthorized violation of 17 U.S.C. § 106 pursuant to 17 U.S.C. § 504(c)(2), or such other amount as may be proper pursuant to 17 U.S.C. § 504;

5. Award Plaintiffs their costs of litigation, reasonable attorneys' fees and disbursements in this action, pursuant to 17 U.S.C. § 505;

6. Award Plaintiffs prejudgment interest in an amount to be determined at trial;

7. Enter preliminary and permanent injunctions enjoining Defendants from engaging in any further acts of copyright infringement of Plaintiffs' Photograph; and

8. For such other and further relief as this Honorable Court deems just and proper.

Plaintiffs demand a jury trial on all of the foregoing counts.

This __1st___ day of __June_____, 2015.

                                                Respectfully submitted,

                                                _____s/ John M. DeBoer_____  
                                                John M. DeBoer  
                                                DEBOER IP, PC  
                                                john@deboerip.com  
                                                2211 Rayford Rd., #111-116  
                                                Spring, TX  77386  
                                                (832) 510-4332 (telephone)  
                                                (888) 829-5994  (facsimile)  
                                                *Attorney for Plaintiffs*